UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 19-10075-MLW |
| | ) |
| RUDOLPH MEREDITH, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                              March 27, 2019

The court has reviewed the Information (Docket No. 1), the March 4, 2019 Plea Agreement (Docket No. 17) (the "Plea Agreement"), the March 4, 2019 Cooperation Agreement (Docket No. 13-1) (the "Cooperation Agreement"), and the government's proposed jury instructions and statement of facts (Docket No. 18). At the March 28, 2019 hearing concerning defendant Rudolph Meredith's request to waive indictment and plead guilty, there are issues that the parties shall be prepared to discuss, including the following.

The Information includes two charges: (1) conspiracy to commit wire fraud and honest services wire fraud; and (2) honest services wire fraud. It appears that the government may have at least implicitly agreed not to pursue additional potential charges against Meredith. For example, Meredith is charged with conspiring with William Singer. Singer is charged in a separate case with engaging in a RICO conspiracy, see United States v. Singer, 19-

cr-10078-RWZ, and several others are charged with engaging in a RICO conspiracy with him, see, e.g., United States v. Ernst et al., 19-cr-10081-IT; United States v. Vandemoer, 19-cr-10079-RWZ. However, Meredith is not charged with RICO conspiracy. Similarly, an Affidavit in Support of Criminal Complaint in United States v. Abbott et al., 19-mj-06087-MPK, indicates that Meredith agreed to plead guilty to three charges, but the Information includes only two charges. See 19-mj-06087-MPK, Docket No. 3-2 at 7, n.3. In view of the foregoing, the court may have a duty to decide before accepting Meredith's guilty plea whether "the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." U.S.S.G. §6B1.2(a).

The Plea Agreement states that the parties calculated the Guideline range for Meredith's sentence based on the assumption that the "gain or loss from the offenses of conviction and related conduct is more than $550,000 but not more than $1,500,000." Docket No. 17 at 2. It is not clear: what amount the parties used in calculating the gain or loss;[1] whether the government investigated

---

[1] The Plea Agreement provides for forfeiture of approximately $866,000. See Docket No. 17 at 6. The Statement of Facts indicates that this is about the amount Singer paid Meredith. See Docket No. 18 at 10.

2

and included in the calculation possible additional criminal activity that would constitute relevant conduct under U.S.S.G. §1B1.3; and, if relevant conduct was not investigated or included, that was because of the immunity conferred by paragraph 5 of the Cooperation Agreement and U.S.S.G. §1B1.8(a).

It is also not clear whether the honest services wire fraud scheme alleged as Count Two, concerning "Applicant 2," is alleged to be part of the conspiracy charged in Count One. For the purpose of Counts One and Two, Meredith is alleged to have "solicited a bribe directly from the father of Yale Applicant 2." Docket No. 1 ¶17. However, Singer is not mentioned with regard to "Applicant 2" in either Count One or Count Two. The government's statement of facts states that "Meredith entered into a separate agreement" concerning "Applicant 2." Docket No. 18 at 11. The court has an obligation to assure that the facts to be admitted constitute the crime charged, meaning with regard to Count One the conspiracy charged and not some other conspiracy. See, e.g., United States v. Matos-Quinones, 456 F.3d 14, 21 (1st Cir. 2006); United States v. Negron-Narvaez, 403 F.3d 33, 37 (1st Cir. 2005). Therefore, Meredith and the court must have an accurate understanding of the scope of the conspiracy charged in Count One.

The Plea Agreement also states that Meredith "agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information." Docket No. 17

3

at 1. If the allegations in the Information concerning "Applicant 2" are not part of the conspiracy charged in Count One, the District of Massachusetts might not ordinarily be a proper venue for Count One. However, objections to venue can be waived. See Singer v. United States, 380 U.S. 24, 34-35 (1965); United States v. Collins, 372 F.3d 629, 633 (4th Cir. 2004). The court has a duty to ensure Meredith is waiving any such possible objection knowingly and voluntarily. See Fed. R. Crim. P. 11(b) and (c).

The court also wishes to ensure that Meredith understands that if the court accepts his guilty plea he will be giving up his right to claim that the government unlawfully "manufactured jurisdiction" in the District of Massachusetts. See, e.g., United States v. Djokich, 718 F. Supp. 2d 173 (D. Mass. 2010); United States v. Djokich, 08-cr-10346-MLW, 2010 WL 276336 (D. Mass. Jan. 19, 2010). Based on the information submitted to the court, it appears that effective counsel could reasonably recommend that Meredith cooperate rather than raise such a claim. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Peralta v. United States, 597 F.3d 74, 79-80 (1st Cir. 2010). However, the court intends to ask Meredith if he has discussed waiving possible objections concerning venue and manufactured jurisdiction with his counsel.

In a further effort to assure that Meredith understands the rights he is waiving, the court will also ask counsel for the government and for Meredith to describe the meaning of his

4

agreement "to waive any legal or procedural defects in the Information." Docket No. 17 at 1.

Finally, as the parties may know from publicly available information, I graduated from Yale College in 1968. Each year since, I have paid Class Dues and made a contribution to the Yale Alumni Fund. As Meredith is the former Yale women's soccer coach, I have considered whether my recusal is required and have concluded that it is not. I have no bias or prejudice concerning any party, and will not be influenced in any decision I must make by the fact that Meredith was employed by Yale rather than another university. Therefore, my disqualification is not required by 28 U.S.C. §455(b)(1). Applying the standards described in United States v. Sampson, 148 F. Supp. 3d 75, 85-88 (D. Mass. 2015), I also find that this is not a case in which my impartiality might reasonably be questioned. Therefore my recusal is not required, or indeed permissible, pursuant to 28 U.S.C. §455(a). I will, however, at the March 28, 2019 hearing provide the parties an opportunity to question me about this if they wish and will consider any concerns about my participation in this case that they might express.

UNITED STATES DISTRICT JUDGE