UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 19-10075-MLW |
| | ) |
| RUDOLPH MEREDITH, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                            November 4, 2022

Defendant Rudolph Meredith's sentencing hearing will be conducted on November 9, 2022. As the Supreme Court has held, the court must begin the hearing by calculating correctly the sentencing Guidelines range and use it as the starting point for determining the sentence without presuming that range is reasonable. See Gall v. United States, 552 U.S. 38, 49-50 (2007). Ultimately, the court must "impose a sentence sufficient, but not greater than necessary" to serve the statutory purposes of sentencing. 18 U.S.C. §3353(a).

The court received the Presentence Report ("PSR") on November 2, 2022. It has also received the parties' sentencing memoranda. See Dkt. Nos. 67 (Meredith), 69 (Government). The PSR calculates the defendant's Total Offense Level as 7 and a Guideline range of 0-6 months based on the view that a university's right to control and make informed decisions as to who to admit is not a form of

property and, therefore, the victim in this case, Yale University, suffered no pecuniary loss from Meredith's crimes. See PSR ¶50.

This is contrary to the position that the parties agreed to take at sentencing in their plea agreement. See Dkt. No. 17 at 2. There they used the value of bribes taken by Meredith to calculate a Total Offense Level of 20 and a Guideline range of 31-41 months before consideration of a possible motion for a downward departure, pursuant to U.S.S.G. §5K1.1, based on substantial assistance. See Dkt. No. 17 at 2; Dkt. No. 25 at 3. At Meredith's Rule 11 hearing, with the agreement of the parties, the court instructed Meredith that Yale's right to make a properly informed decision and control who was admitted to the university was a form of property for the purpose of the wire fraud charges that require proof of obtaining money or property by knowingly and willfully making false or misleading statements to Yale. See Mar. 28, 2019 Tr. at 33-34, 50-53. Judges in the District of Massachusetts have differed on this issue. Compare United States v. Sidoo, 468 F. Supp. 3d 428, 440-42 (D. Mass. 2020) (Gorton, J.) (holding that "application slots to universities are property interests owned by the university," id. at 441), with United States v. Ernst, 502 F. Supp. 3d 637, 647-53 (D. Mass. 2020) (Talwani, J.) (holding that admission to universities does not constitute property).

The honest services form of wire fraud to which Meredith also pled guilty does not require obtaining property. See Mar. 28,

2

2019 Tr. at 50-51. However, evidently reasoning that there was no pecuniary loss to Yale, the PSR does not use the amount of the bribes Meredith received as the amount of loss for the purpose of calculating the Guideline range for Meredith's honest services frauds. See PSR ¶51, U.S.S.G. §2B1.1, A.N. 3(A) & (B). The PSR does, however, provide notice that because there was no pecuniary harm to the university Meredith's gain cannot be used as a measure of the university's loss, there may be a proper basis for an upward departure as encouraged by §2B1.1 A.N. 21(A). See PSR ¶¶51, 131.

As indicated earlier, the court is required to calculate the Guideline range correctly and use it as the starting point for determining the sentence. See Gall, 552 U.S. at 49-50. The parties do not address in their sentencing memoranda whether the Guideline calculation they agreed to advocate at sentencing or the Guideline calculation in the PSR is correct. Nor do they address whether it would be permissible and appropriate for the court to consider departing upward if the Total Offense Level is 7 and the Guideline range is 0-6 months in addition to considering a downward departure based on the government's §5K1.1 substantial assistance motion, Dkt. No. 69. The parties should be prepared to address these issues at the sentencing hearing. In addition, in view of the government's motion for a downward departure based on substantial assistance and the possible upward departure pursuant to §2B1.1 A.N. 21(A), the parties shall be prepared to address the implications of United

3

States v. Harotunian, 920 F.2d 1040 (1st Cir. 1990) and United States v. Sahlin, 399 F.3d 27, 29-30 (1st Cir. 2005) for how the sentence imposed should be articulated if the court finds there are factors that would justify both an upward departure and a downward departure absent countervailing considerations.

The court also wishes to consider certain evidence concerning Meredith that has not been submitted. Therefore, it is hereby ORDERED that the government shall, by 10:00 a.m. on November 7, 2022, file:

1. The video recording referenced in paragraph 45 of the PSR and any other recording(s) of Meredith before he began cooperating with the government.

2. The transcript of Meredith's trial testimony, including on cross examination, in United States v. Vavic, Cr. No. 19-10081.

UNITED STATES DISTRICT JUDGE